UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMIE S. et al.,

        Plaintiffs,

    v.                                             Case No. 01-CV-928

MILWAUKEE BOARD OF SCHOOL DIRECTORS,
MILWAUKEE PUBLIC SCHOOLS,
and WILLIAM G. ANDREKOPOULOS,
Superintendent Milwaukee Public Schools,
in his official capacity, and
the STATE OF WISCONSIN,
DEPARTMENT OF PUBLIC INSTRUCTION and
ELIZABETH BURMASTER,
State Superintendent of Public Instruction, in her official capacity,

        Defendants.

---

PRETRIAL ORDER - TRIAL TO THE COURT, PHASE I

---

    The plaintiffs filed a complaint against the defendants, alleging violations under the Individuals With Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). On November 14, 2003, the court certified the plaintiffs as a class, and the case is now ready for trial.

    On October 6, 2005, the court conducted a final pretrial conference. The plaintiffs appeared by their attorneys, Jeffrey Spitzer-Resnick and Monica Murphy. Attorneys Stuart Parsons and Adrienne Olson appeared on behalf of the Milwaukee Public Schools defendants ("MPS"), and Attorney Bruce Olson appeared on behalf of the Department of Public Instruction

defendants ("DPI").  As stated in more detail on the record, the court now enters the following final pretrial order:

    1.  Phase I of the court trial which will be limited to expert testimony is scheduled to commence on October 18, 2005 at 9:00 a.m. in the courtroom of United States Magistrate Judge Aaron E. Goodstein, Room 254.  The trial is scheduled to continue on October 19, 20 and 31, and November 1 and 2, 2005.

    2.  Each party is responsible for the production of any expert witness that the party will call to testify.

    3.  The testimony of each expert shall be limited to matters contained in his or her report.

    4. The parties have submitted a joint exhibit list.  Subject to the exchange of exhibits, no party voiced any objection to the authenticity of any listed exhibit at this time.  Accordingly, unless an authenticity objection is raised prior to trial, the authenticity of the exhibits contained in the joint exhibit list will be presumed.

    5.  The court will address the admissibility of each exhibit, and any objections thereto, other than challenges to authenticity, at the time each exhibit is offered for receipt into evidence at trial.  The fact that a particular exhibit is identified on the parties' joint exhibit list bears no weight on its admissibility.

    6.  Immediately prior to the final pretrial conference, MPS filed objections to exhibits on the parties' joint exhibit list.  Ruling on the objections will be reserved for trial.

    7.  The plaintiffs filed a motion in limine to strike the testimony of MPS expert Dr. David Riley.  By letter to the court dated September 15, 2005, MPS withdrew its intention to present Dr. Riley as an expert.  Accordingly, the plaintiffs' motion in limine is **denied as moot.**

8. MPS has filed a motion in limine to strike portions of the 2004 report of Dr. Diana Rogers-Adkinson. As grounds, MPS states that Dr. Rogers-Adkinson's report encompasses information that is not relevant to the class, as defined by the court in its November 14, 2003 class certification order. Plaintiffs indicate that they will not present evidence that exceeds the defined class and shall respond to MPS's motion no later than October 11, 2005. In doing so, plaintiffs shall indicate which challenged parts of the expert's report, if any, they believe are appropriate areas of testimony by Dr. Rogers-Adkinson. MPS shall file its reply, if any, no later than October 13, 2005. Prior to trial, the court will issue a written order on the motion in limine.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge