# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMIE S., et al.,**

    Plaintiff,

    v.                                       Case No. 01-C-928

**MILWAUKEE BOARD OF SCHOOL DIRECTORS, et al.,**

    Defendant.

## ORDER ON THE MOTION TO LIMIT PLAINTIFFS' WITNESS LIST AND TO REQUIRE A WITNESS SCHEDULE

On January 12, 2005, this court entered a pretrial order that required the plaintiffs to file their witness list for the upcoming court trial no later than March 3, 2006, with the defendants to file their witness lists one week later. All parties have filed their submissions in accordance with the scheduling order and over one-hundred witnesses have been named.

The MPS defendants filed an expedited Civil Local Rule 7.4 motion to limit the plaintiffs' witness list and to require a witness schedule in advance of trial. MPS asks that the plaintiffs' witness list be limited to the following: (1) one direct witness per named plaintiff; (2) any MPS employee that is also named on MPS's witness list; and (3) five additional MPS employees. Alternatively, MPS asks the court to limit the trial time allotted to each party, so that the plaintiffs and MPS have twenty hours of trial time and DPI has ten hours of trial time. The plaintiffs oppose MPS' motion and state that the proposed limitations are arbitrary.

DPI has named nine potential witnesses, and four of the nine were also named by the plaintiffs. The plaintiffs, however, have named eighty-nine potential witnesses. Sixty-nine of those witnesses

are MPS employees, and the plaintiffs indicate that it is "highly likely that Plaintiffs will not feel it necessary to call all the individuals identified on its list . . . ." MPS makes a similar representation, claiming that twenty of its thirty named witnesses are primarily rebuttal witnesses and will be called only as necessary to refute or supplement potential testimony by the plaintiffs.

While the court certainly will not impose arbitrary limitations on the number of witnesses any party calls, the court cannot ignore its obligation to manage this trial for which three weeks have been set aside. The court's management role includes an obligation to ensure only persons testify who will present relevant, non-cumulative testimony regarding the issues. At present, the parties have furnished the court with a vast number of potential witnesses, of whom very little is known. This makes it difficult to discern whether the time allotted for trial will be used efficiently and whether the parties intend to call only those witnesses who have relevant non-cumulative testimony to offer.

Accordingly, the court will require each party to supplement its witness list. The supplement shall set forth (1) the relevant issue to which each witness will offer testimony and (2) a two-sentence summary of the witness' testimony. This will assist the court in determining whether any potential witness should be eliminated.

With respect to the first requirement, the defendants may refer to the issues that they previously set forth in their January 5, 2005 phase II trial proposal letters. The plaintiffs' proposal letter was more general than that of the defendants, referencing disputed facts, an intention to support the opinions offered by the plaintiffs' experts, and an intention to establish the consequences of the defendants' actions. Therefore, it will now be necessary for the plaintiffs to set forth the particular issues to which the proposed witness' testimony relates.

2

Phase II of the trial is scheduled to commence on April 10, 2006, with the final pretrial conference set for April 3, 2006. In light of those dates, the court will order that the parties supplement their witness lists in accordance with this order on an expedited basis. After reviewing all of the submissions, the court will determine whether a hearing is needed to resolve MPS's Rule 7.4 motion.

**IT IS THEREFORE ORDERED** that all parties supplement their witness list as described herein no later than **March 23, 2006.**

Dated at Milwaukee, Wisconsin this <u>16th</u> day of March, 2006.

                                            s/AARON E. GOODSTEIN
                                            United States Magistrate Judge