# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMIE S., et al.,**

      Plaintiff,

v.                                                 **Case No. 01-C-928**

**MILWAUKEE BOARD OF SCHOOL DIRECTORS, et al.,**

      Defendant.

## ORDER ON MPS DEFENDANT'S 7.4 MOTION TO LIMIT PLAINTIFFS' WITNESS LIST AND TO REQUIRE A WITNESS SCHEDULE

      Pursuant to prior court order regarding the submission of witness lists, the parties have named over one-hundred potential witnesses that may be called to testify at phase II of the court trial, which is scheduled to commence on April 10, 2006. On March 10, 2006, the MPS defendants filed an expedited Civil Local Rule 7.4 motion to limit the plaintiffs' witness list and to require a witness schedule in advance of trial. MPS asks that the plaintiffs' witness list be limited to the following: (1) one direct witness per named plaintiff; (2) any MPS employee that is also named on MPS's witness list; and (3) five additional MPS employees. Alternatively, MPS asks the court to limit the trial time allotted to each party, so that the plaintiffs and MPS have twenty hours of trial time and DPI has ten hours of trial time.

      Based on prior discussions with counsel, the court set aside three weeks for trial. To determine whether the time allotted for trial will be used efficiently and whether the parties intend to call only those witnesses who have relevant non-cumulative testimony to offer, the court required each party to supplement its witness list. The supplemental witness lists were to set forth (1) the relevant issue

to which each witness will offer testimony and (2) a two-sentence summary of the witness' testimony. All parties have now filed their supplemental witness lists in accordance with the court's order. Both the plaintiffs and the MPS defendants have eliminated a number of potential witnesses. The plaintiffs, however, have now added four potential witnesses—William Andrekopolous, Michael Will, Jane McCarthy, and Mr. Cornelius. The MPS defendants object to the designation of these additional witnesses and indicate that the plaintiffs' supplemental list has not allayed their concerns about trial manageability that were expressed in their Local Rule 7.4 motion. (Aldana Ltr. Mar. 24, 2006).

Based on the expert testimony presented during phase I of the trial, the court reached the conclusion that systemic violations of the Individuals With Disabilities Education Act existed at MPS during the years under study, and that DPI failed in its monitoring and oversight role to ensure that MPS was in compliance with its Child Find requirements. During phase II of the trial, the parties will present evidence that either validates or invalidates the foundations upon which the phase I experts based their opinions. Given the purpose of phase II, the court believes that many of the plaintiffs' contemplated witnesses will present testimony that is cumulative.

According to the plaintiffs' supplemental witness list, five DPI employees will testify regarding DPI's monitoring efforts and MPS's failure to comply with DPI's directives. These witnesses include the Director of Special Education for DPI, the former and current Assistant Director of Special Education for DPI, and DPI consultants that were involved in DPI's monitoring efforts. While these witnesses may have knowledge of DPI's efforts at different times relevant to this suit, some of the witnesses, particularly those of higher authority such as the Director of Special Education, may be able to present testimony that will obviate the need for testimony by lower-ranking DPI employees. The plaintiffs do not indicate how the testimony of these witnesses will differ, and the

2

court is unable to discern that testimony during the plaintiffs' case-in-chief by all five witnesses is necessary for the plaintiffs' efforts in laying the requisite foundation for their experts' conclusions.

In addition, according to the plaintiffs' supplemental witness list, multiple MPS employees are expected to be called adversely and present testimony about the same child. For example, the plaintiffs have listed the following MPS employees as witnesses to present testimony regarding Devonte C.: (1) Ms. Grant, (2) Rebecca Petit, (3) Melinda Green, (4) Ms. Wallace, (5) Mrs. Reiter, (6) Ms. Czarnecki, (7) Monica Warnke, (8) Lavina Doberstein, and (9) Audrey Westside. Although these nine witnesses may offer a slightly different perspective, the plaintiffs indicate that all of these witnesses are expected to testify about behavior problems that Devonte C. exhibited and the reasons that he was not referred for special education services. In addition, the plaintiffs have also listed Devonte C.'s mother, Helen Fipps, as a potential witness. According to the plaintiffs' supplemental filing, Fipps is expected to testify that Devonte C. had significant behavior problems for several years and was told that he was ineligible for special education services. Her testimony will undoubtedly be based on many of the same events and decisions that the plaintiffs expect the listed MPS staff to discuss. The same format of eliciting testimony from the parent and from multiple MPS staff members is also presented as to other children represented in this action; this presents the same concerns of duplicative or cumulative testimony, as appears to be the situation with Devonte C.

As discussed in its March 16, 2006 order, the court's duty to manage the trial includes an obligation to ensure only persons testify who will present relevant, non-cumulative testimony regarding the issues. Accordingly, courts have discretion to place reasonable limits on the presentation of evidence under Federal Rules of Evidence 403 and 611. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1408 (7th Cir. 1991). Under the circumstances, the court is persuaded

3

that the three-week period of time reserved for phase II of the trial will be most efficiently used by first apportioning the amount of trial time between the parties. Proceeding in this manner will avoid arbitrary limits on the number of witnesses and will require each party to independently identify the witnesses that are the most capable of presenting relevant, non-cumulative testimony in support of their position during their allotted portion of trial time.

Because the plaintiffs bear the burden of proof, they will have nine trial days to present their case-in-chief, and the defendants will have six days to present their defense. The defendants may divide the six days between themselves as they see fit, or, if an agreement cannot be reached, each will have three days to present their respective defense. The parties shall also file a list of the witnesses that they intend to call on each of the days allotted to them. The court declines MPS's suggestion that an hourly witness schedule be required and enforced. Unlike airplane schedules, where the goal is to ensure that flights arrive and depart on time, the time allotted to each witness must remain flexible. To impose a rigid time schedule would risk an incomplete or inaccurate factual presentation if the parties' time estimates are not precise. Further, it would require significant efforts to enforce, given the time required for cross examination and evidentiary objections. It makes more sense to allow the parties the freedom to present the witnesses they choose, as long as the total days allotted are not exceeded.

As a final matter, in light of the fact that the parties have re-evaluated the witnesses they intend to call, as evidenced by the fact that numerous witnesses were eliminated in the supplemental lists, and because the parties will be required to indicate a schedule of witnesses, the court will allow the plaintiffs to present testimony by the four witnesses named for the first time in its supplemental witnesses list.

4

For all the reasons discussed, the court now enters the following orders:

**IT IS THEREFORE ORDERED** that MPS's motion to limit the plaintiffs' witness list and to require a witness schedule is **granted in part** and **denied in part**. The plaintiffs shall file their daily witness schedules no later than the final pretrial conference, which is set for **April 3, 2006 at 10:00 a.m.** The defendants shall file their respective daily witness schedules at least one trial day prior to the commencement of the defendants' presentation. To the extent that MPS seeks to limit the number of witnesses that the plaintiffs may call and an hourly witness schedule, the motion is **denied.**

Dated at Milwaukee, Wisconsin this 28th day of March, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge
