# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMIE S., et al.,

      Plaintiff,

Case No. 01-C-928

MILWAUKEE BOARD OF SCHOOL DIRECTORS, et al.,

      Defendant.

## PRETRIAL ORDER - TRIAL TO THE COURT, PHASE II

On April 3, 2006, the court conducted a final pretrial conference in regard to phase II of the trial to the court in this case. The plaintiff class appeared by their attorneys, Jeffrey Spitzer-Resnick and Monica Murphy. Attorneys Stuart Parsons, Michael Aldana, and Adrienne Olson appeared on behalf of the Milwaukee Public Schools defendants ("MPS"), and Attorney Bruce Olson appeared on behalf of the Department of Public Instruction defendants ("DPI"). As stated in more detail on the record, the court now enters the following final pretrial order:

    1. Phase II of the court trial is scheduled to commence on April 10, 2005, at 9:00 a.m. in the courtroom of United States Magistrate Judge Aaron E. Goodstein, Room 254. The trial is scheduled for three weeks. Each party may present testimony in accordance with the time allotments set forth in the court's March 28, 2006 Order Requiring a Witness Schedule.

    2. Each party is ultimately responsible for the production of any witness that the party will call to testify. However, the MPS defendants have indicated that they will produce all current MPS employees that the plaintiffs wish to call adversely and will inform the plaintiffs of those witnesses who are no longer MPS employees.

3. The defendants indicated that, in order to expedite matters and reduce inconvenience to witnesses, they may wish to conduct their direct examination of any of their witnesses called adversely by the plaintiffs. The defendants may proceed in this manner, but should indicate at the time that they are conducting a direct examination. If necessary, the court may adjust the overall trial time allotted to the parties.

4. The parties have submitted a joint supplemental exhibit list. No party voiced any objection to the authenticity of any listed exhibit at this time. Accordingly, unless an authenticity objection is raised prior to trial, the authenticity of the exhibits contained in the joint exhibit list will be presumed.

5. The MPS defendants filed a motion in limine to exclude: (1) evidence regarding individual student's circumstances outside the scope of the certified class; and (2) testimony of stipulated facts.

First, undisputed evidence that the parties have already set forth by way of their joint stipulation need not be presented through testimony and, in that respect, the motion in limine will be granted. Second, the court will also grant the motion to exclude evidence of circumstances that occurred subsequent to a properly constituted IEP team meeting. After considering the arguments of both parties, the court finds that the evidence that the plaintiffs seek to present – namely, that the IEP team did not consider the appropriate criteria when evaluating certain students – falls outside the class that has previously been defined by the court. The class definition is clear. This lawsuit is limited to:

> those students eligible for special education services from the Milwaukee Public School System who are, have been, or will be either denied or delayed entry or participation in the process that results in a properly constituted meeting between the IEP team and the parents or guardians of the student.

Evidence that the IEP team did not consider appropriate criteria goes to the evaluation of the IEP team regarding an individual student, and not whether the team itself was properly constituted. If the IEP team is properly constituted, individual decisions are the proper subject of administrative review; they are not admissible in this case. However, evidence that the IEP team was not properly constituted does fall within the class definition. For example, evidence that additional IEP team members were required to be present at an initial meeting is admissible. The absence of a person needed to evaluate a student's eligibility for special education services impacts whether the IEP team was "properly constituted" and is a an appropriate subject for phase II. For all of these reasons, the motion in limine is hereby **granted** as set forth herein.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 4th day of April, 2006.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
United States Magistrate Judge