# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JAMIE S.,
on her own behalf and on behalf
of a class of similarly-situated persons,
   **Plaintiffs,**

   v.                                                             Case No. 01-CV-928

MILWAUKEE PUBLIC SCHOOLS, et. al.,

   **Defendants.**

---

### ORDER ON STATE DEFENDANTS' MOTION FOR CLARIFICATION

---

The defendants, Wisconsin Department of Public Instruction and Elizabeth Burmaster ("State Defendants") have filed a motion seeking clarification of portions of this court's Decision and Order of September 11, 2007. The decision followed a trial of, what as been referred to as, Phase II of this litigation. The State Defendants submit that the clarification they seek is necessary in order for them to appropriately prepare for Phase III. At the scheduling conference conducted with all parties on December 6, 2007, the plaintiffs and the Milwaukee Defendants advised the court that they would not be responding to the motion for clarification.

The first area for which clarification is sought concerns the initial evaluation process to determine whether the child is a child with a disability. Both the applicable federal and state statutes required, during the 2000-2005 time period, that the local educational agency notify the parent or parents of the child of its determination within 90 days after receiving a referral for evaluation. As set forth in the court's decision of September 11, 2007, the plaintiffs established

that the Milwaukee defendants failed in their statutory obligation to locate, identify and evaluate all children with disabilities who may be in need of special education. In regard to the evaluation process itself, there is an IEP team meeting to determine a child's disability and whether a special education placement is necessary. This is to be accomplished within 90 days from the referral. The court referred to this determination process as the "initial evaluation." As discussed by the court, plaintiffs' expert Dr. Rogers Adkinson reviewed records in which the timing of the initial evaluation and determination took much longer than 90 days after referral.

The State Defendants point to the following language in the court's decision, "MPS failed to refer children with a suspected disability in a timely manner for an initial evaluation, i.e. the 90 day requirement. . ." In their motion, the State Defendants submit that the quoted language should be construed as referencing the 90 day period between a student's referral and the completion of the student's evaluation. This seems clear to the court since the "law is the law," and the defendants failed to comply with this legal requirement, i.e completing the initial evaluation and determination within the 90 day period after the referral. This also applies to the court's finding that MPS improperly extended the 90 day time requirement.

Apparently, the State Defendants are confused by the court's use of the term "refer" and maybe the court should have phrased the sentence differently when discussing the time within which to complete the initial evaluation and determination process. Maybe, the court should have restricted the use of the term "refer"to the other MPS violations which encompass the failure to locate and identify children with suspected disabilities and not make referrals in appropriate cases. The evidence presented established many situations in which it was reasonable to suspect that the child had a disability that impaired his or her ability to learn, but the child was not even referred to

the special education process. However, when the arguably confusing terms are viewed within the context of the entire decision, there is no need for clarification.

The State Defendants also submit that the portion of the decision regarding attendance at the IEP team meeting by parents or guardians is in need of clarification. In this regard, the defendants state that the court, at times, used the term "initial evaluation" and should have said "IEP team meeting that initially determines whether the child is a child with a disability." The law requires that the child's parents or guardian be notified and given an opportunity to attend and participate at the IEP team meeting. In its decision, the court stated, "MPS failed to insure that the child's parents or guardians attend the initial evaluation." The State Defendants submit that this less than precise statement of the law is in need of clarification. Again, the court should have used the term "IEP team meeting" instead of "initial evaluation," but since the IEP meeting is for the purpose of making an initial evaluation as to whether the child has a disability and whether special education placement is required, is there really a need for clarification? The bottom line for purposes of the violation is the failure to secure the presence of the parents or guardians at such a meeting so that they have the opportunity for meaningful participation in the process.

In summary, the court does not believe that any clarification of its Decision and Order is required. At one end of the spectrum, the court failed to use language precise enough to satisfy the State Defendants. At the other end, the State Defendants are nitpicking portions of the decision. Regardless, the court believes that its decision is written in a manner sufficient to provide the reader with a clear understanding of the court's findings and conclusions regarding the violations of the defendants. In the challenged areas, what the law requires is clear, as is the conduct that was in violation of the law. There should be no confusion, and the State Defendants should not be hindered in their ability to prepare for Phase III of this litigation.

-3-

The motion for clarification is **denied.**

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2007.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE