# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMIE S., on behalf of the class**,

        **Plaintiffs,**

      v.                                                Case No. 01-C-928

**MILWAUKEE PUBLIC SCHOOLS, et. al.,**

        **Defendants.**

## ORDER DENYING MPS RULE 7.4 MOTION REGARDING
## PHASE III BRIEFING

      On January 14, 2009, MPS filed a motion pursuant to Civil Local Rules 7.4 requesting that the court either preclude plaintiffs from introducing new evidence in the Phase III post-hearing brief or modifying the briefing schedule. In response, the court stated that the motion was premature and no decision on the relief requested could even be considered until the court had an opportunity to review the plaintiffs' submission.

      Both parties submitted their respective post-hearing briefs on January 16, 2009. Attached to plaintiffs' submission is their proposed "revised remedy." In their brief, plaintiffs submit that the revised remedy attempts to further clarify the role of the proposed outside monitor, such as suggesting screening tools that should be developed to assist in the screening of students in the suspension category. A review of the plaintiffs' brief also indicates that plaintiffs have revised their proposed remedy in other respects, such as now specifically acknowledging that not all students who had excessive suspensions are entitled to compensatory education. The plaintiffs' brief and proposed revised remedy also address some of the questions posed by the court in its scheduling order of November 17, 2008.

In its Rule 7.4 motion, MPS contends that plaintiffs' revised remedy constitutes "new evidence." The basis for this contention is that since both proposed remedies were marked as exhibits during Phase III and received in evidence, any deviation from such exhibits must be considered new evidence. MPS says that this revision by plaintiffs alters what it must defend against and hinders its ability to adequately respond.

While the plaintiffs' proposed revised remedy is different in several respects from what was originally submitted, the court does not view it as "new evidence" within the context of this case. At this stage of the proceedings, the court is attempting to fashion an equitable remedy, depending on what special education needs must be addressed. In order to establish a framework for Phase III, both parties submitted their proposed remedies in advance. However, in order to arrive at an equitable resolution, the court does not view the respective proposals as being carved in stone. The purpose of the proposed remedies is to assist the court; this procedure should not be viewed as an arbitration proceeding in baseball where the arbitrator must select one proposal or the other. It should have been obvious from the court's questions issued following the taking of testimony, that no one satisfactory solution had been proposed. The testimony presented at Phase III raised a number of issues that have to be considered.

Therefore, the court feels it only natural that either or both parties might reassess certain aspects of the position they took prior to Phase III and modify it if appropriate. For example, prior to Phase III, the court understood the plaintiffs' position to be that all students in the suspended category were entitled to compensatory education and must be evaluated. As mentioned above, the plaintiffs have now moderated their position on this category of students. Whether or not the court will be persuaded by plaintiffs' revised position, it is helpful. Similarly, suggesting screening tools to be used is another helpful modification.

Accordingly, the court will deny the Rule 7.4 motion filed by MPS. However, now facing a revised remedy with substantially more detail, does warrant the granting of additional time for a reply by MPS. The court will extend the date for reply.

**IT IS THEREFORE ORDERED**, that the parties' Phase III reply briefs shall be filed on **February 9, 2009.** The Rule 7.4 motion of MPS is hereby **denied.**

Dated at Milwaukee, Wisconsin, this 20th day of January, 2009.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE
