# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMIE S., et. al., individually and on behalf of the class**,

    **Plaintiffs,**

    v.                               Case No. 01-C-928

**MILWAUKEE PUBLIC SCHOOLS, et. al.,**

    **Defendants.**

## ORDER DENYING MOTION FOR STAY

On September 13, 2001, the plaintiffs filed their complaint, alleging violations under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and related state statutes, Wis. Stat. §§ 115.758, et seq. Nearly 8 years later, after 28 days and three phases of a court trial, tens of thousands of pages of exhibits, and more than 600 separate docket entries, on June 9, 2009 this court entered a decision and order setting forth a framework through which the members of the class harmed by MPS' systemic violations of its Child Find obligations may obtain relief. (Docket No. 598.) In this decision and order, the court set forth a timeline for implementing the court ordered remedy.

MPS filed an appeal, (Docket No. 604), and on July 21, 2009, filed a motion to stay the court-ordered remedy pending the resolution of its appeal, (Docket No. 618). Accompanying this motion is a 19 page brief wherein MPS outlines its arguments in favor of a stay. Because time is of the essence, with July 24, 2009 being the deadline for the parties to submit the names of proposed independent monitors, MPS has requested either oral argument or expedited briefing to resolve its motion. The court finds that neither expedited briefing nor oral argument is necessary.

> In assessing whether a stay is warranted, [a] district court [is] required to determine whether the party seeking the stay has demonstrated that: 1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without relief is greater than the harm the opposing party will suffer if the stay is granted; and 5) the stay will be in the public interest.

Hinrichs v. Bosma, 440 F.3d 393, 396 (7th Cir. 2006) (citing Kiel v. City of Kenosha, 236 F.3d 814, 815-16 (7th Cir. 2000)). If an appeal has no merit at all, the request for a stay should be denied. Cavel Int'l, Inc. v. Madigan, 500 F.3d 544, 547 (7th Cir. 2007). If, however, appellants have some likelihood of success on appeal, then the court applies a "sliding scale" approach, under which the court weighs the likelihood of success and extent of irreparable harm likely to be suffered by appellants against the harm likely to be suffered by appellees if stay is entered. Id.

Beginning with the question of whether MPS has a reasonable likelihood of success on the merits, as indicated above, this case is exceptionally complex. Accordingly, there have been many issues that required resolution, and MPS seeks to challenge many unfavorable rulings on appeal. In its motion, MPS states its legal positions on these issues, positions the court did not find persuasive. It is not necessary for the court to restate its rulings, but simply acknowledge that because these issues were complex, both legally and factually, and were at times somewhat novel, it is possible that an appellate court may reach a different conclusion. This is not an outcome that this court regards as highly likely, but it is nonetheless reasonably likely. Thus, the court must apply the " sliding scale " to weigh the competing interests at issue to determine whether this court should grant or deny the stay.

MPS argues that it will be irreparably harmed should a stay be denied, because the financial burden of the remedy will be great, while any comparable harm to the plaintiffs if a stay is granted is de minimis. In considering the motion of MPS, the court finds that two factors overwhelmingly tip the balance in favor of denying a stay. As noted above, this case has already been pending for nearly 8 years. The class period spans from September of 2000 through June of 2005. Thus, certain

class members have already been waiting nearly nine years for compensation for MPS' failures to comply with the IDEA. Based upon the proposed timeline set forth in this court's order, it is likely to be at least another year before any class members are provided with an individualized remedy.

The cliché, "Justice delayed is justice denied," is appropriate here. As the evidence in this case has made clear, every delay in providing compensatory services to a student who was denied FAPE compounds the harm of the prior denial. A student who is not provided with the elements essential for an educational foundation lacks the basis upon which to build all subsequent education. A decade of delay and denial has already caused substantial injury to class members; any continued delay will not only continue but rather exacerbate the harm. Additionally, for a wide variety of reasons, any additional delay will undoubtedly result in a decrease in the number of class members who will respond to any class notice and thus will obtain relief. The aim of this litigation is to ensure that all reasonable steps are taken to ensure that as many class members as possible are provided with the remedy to which they are entitled. Granting a stay would run counter to this goal.

Further, the public interest weighs in favor of denying MPS' motion for a stay. When the harm of MPS' failures is exacerbated by a further delay, not only does every class member suffer, but the harm extends to the public as a whole. The consequences of MPS' systemic denial of FAPE manifest themselves every day in countless varied ways throughout this community.

Further, the court is mindful of the fact that MPS' status as a public entity means that the costs of the litigation are ultimately borne by taxpayers. MPS has emphasized this point throughout this litigation, for example, contending that any remedy should be limited because of the potential cost to the district. Although as a general matter the expense of compliance or remedying noncompliance is not an appropriate consideration for the court, when considering whether to grant or deny a stay, costs for taxpayers is an appropriate consideration falling within in the public interest factor. In this regard, a further delay will simply exacerbate costs. For example, any delay

3

will likely make any necessary compensatory services more expensive due to the fact that existing educational deficits will be exacerbated. Not only do the deficits become more substantial and thus more difficult and expensive to remedy, but it may be reasonable to conclude that as students get older, the most appropriate compensatory services will be found outside of MPS. To be blunt, concerns about money do not trump providing appropriate education.

In weighing the competing interests, it is the conclusion of the court that the harm to class members and the public that would result should this court grant a stay substantially outweighs the risk of irreparable harm that the defendants may suffer should a stay be denied. Accordingly, MPS' motion for a stay, (Docket No. 618), is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 22nd day of July 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge